IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA ROMANO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-1932 |
| § | |
| THE METHODIST HOSPITAL, § | |
| JENNIFER O'BRIEN, ANA § | |
| GORDON, THERESA MONTALVO- § | |
| FARIAS & LAUREN COOK, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is The Individual Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 9). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a case regarding an alleged wrongful termination. *Pro se* Plaintiff Angela Romano ("Romano") alleges that Defendant "The Methodist Hospital," (hereinafter "Houston Methodist"), and several of its employees including Defendant Jennifer O'Brien, Ana Gordon, Theresa Montalvo-Farias, and Lauren Cook (hereinafter "the Individual Defendants"), discriminated against Romano because of her race and her age, in violation of Title VII and the Age Discrimination in Employment Act ("ADEA").

Based on the foregoing, on April 29, 2025, Romano filed suit, *pro se,* in this Court pursuant to federal question jurisdiction.[1] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On July 7, 2025, the Individual Defendants filed a motion to dismiss Romano's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Romano did not respond to the pending motion to dismiss within the original response deadline, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable

---

[1] *Plaintiff's Complaint*, Document No. 1 at 1–10.

[2] *See Individual Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 9 at 1–5.

2

to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

The Individual Defendants moves to dismiss Romano's complaint, contending that Romano fails to state a claim upon which relief can be granted. Romano did not respond to the motion to dismiss, failing to rebut or offer evidence to counter the Individual Defendant's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Romano's failure to respond to the motion to dismiss, the Court will consider the merits of the pending motion.

The Individual Defendants contend that they are not proper parties to this lawsuit under Title VII or the ADEA because those federal acts do not impose liability against employees in their individual capacity. The Individual Defendants further contend that Romano cannot recover against the Individual Defendants in

3

their individual capacity because none of the Individual Defendants were Romano's employer under Title VII or the ADEA. Romano offers no rebuttal.

A review of the federal statutes asserted by Romano in this case reveals that both Title VII and the ADEA prohibits employers from discriminating against an individual on the basis of race, color, religion, sex, or national origin, or age.[3] Under both statutes, the term "employer" means a person engaged in an industry affecting commerce who has at least fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.[4] The Fifth Circuit has also made clear that neither Title VII, nor the ADEA, imposes individual liability on employees. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (holding that there is no individual liability for employees under Title VII.); *see also Malcom v. Vicksburg Warren Sch. Dist. Bd. Of Trs.*, 709 F.App'x 243, 247 (5th Cir. 2017) (holding that the district court correctly dismissed Title VII and ADEA claims against individual defendants).

A thorough review of Romano's complaint in this matter reveals no allegation that any of the Individual Defendants satisfy the requirements under Title VII or the ADEA to be considered an employer. Accordingly, considering the Fifth Circuit's strong guidance that individual employees cannot be found liable under Title VII

---

[3] 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a).

[4] 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b).

and ADEA, the Court finds that the Individual Defendants motion to dismiss should be granted.

Even construing the complaint liberally, the Court finds that Romano states no plausible claim upon which relief can be granted with respect to the Individual Defendants. Accordingly, the Court determines that the pending motion should be granted, and Romano's claims against the Individual Defendants in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that The Individual Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 9) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Angela Romano's claims against Jennifer O'Brien, Ana Gordon, Theresa Montalvo-Farias, and Lauren Cook are **DISMISSED**.

SIGNED at Houston, Texas, on this 31 day of July, 2025.

DAVID HITTNER
United States District Judge