United States District Court
Southern District of Texas
**ENTERED**
March 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS.
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA ROMANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-1932 |
| | § | |
| THE METHODIST HOSPITAL, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service (Document No. 62), and Defendant's Motion for Summary Judgment (Document No. 55). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiff's motion should be denied and that Defendant's motion should be granted.

## I. BACKGROUND

This is a matter involving alleged employment discrimination. On September 18, 2017, Plaintiff Angela Romano ("Plaintiff") began working as a Clinic Coordinator with Houston Methodist Specialty Physicians d/b/a Houston Methodist Specialty Physician Group ("HMSP"). Plaintiff alleges that "[d]espite her exemplary performance, Plaintiff was subjected to a hostile work environment, unfair

1

treatment, and false accusations by jealous co-workers (Defendant's) who expressed animosity related to her race, age, and interracial marriage."[1]

Based on the foregoing, on April 29, 2025, Plaintiff filed suit in this Court pursuant to the Court's federal question jurisdiction, asserting claims for race and age discrimination.[2] On February 27, 2026, the only remaining Defendant, Methodist Hospital ("Defendant"), moved for summary judgment.[3] On March 23, 2026, Plaintiff responded in opposition.[4] On the same date, Plaintiff filed the present motion to strike Defendant's motion for summary judgment.[5]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the

---

[1] *Plaintiff's Complaint*, Document No. 1 at 3.

[2] *See Plaintiff's Complaint*, Document No. 1 at 3.

[3] *See Defendant's Motion for Summary Judgment*, Document No. 55 at 1.

[4] *See Plaintiff's Response and Rebuttal to Defendant's Motion for Summary Judgment*, Document No. 61 at 1. The Court notes that Plaintiff's response to Defendant's Motion for Summary Judgment was due on March 20, 2026. See S.D. Tex. Local R. 7.3. A review of the record reveals that Plaintiff's response was filed on March 23, 2026. Despite Plaintiff's untimely filing, the Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, the Court will consider Plaintiff's response as it is applicable.

[5] *See Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service*, Document No. 62 at 1.

2

nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it

3

is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

The Court will consider, in turn, Plaintiff's motion to strike and Defendant's motion for summary judgment. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*1. Plaintiff's Motion to Strike* (Document No. 62)

Plaintiff moves to strike Defendant's motion for summary judgment contending that she "did not receive service of Defendants' Motion for Summary Judgment through any authorized method under the Federal Rules of Civil Procedure."[6] A written motion, including a motion for summary judgment, must be served on every party. *See* Fed. R. Civ. P. 5(a)(1)(D). Most pertinent here, service

---

[6] *Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service*, Document No. 62 at 1–2.

4

of a motion may be effectuated "by filing it with the court's electronic-filing system[.]" Fed. R. Civ. P. 5(b)(2)(E).

A review of the record in this matter reveals that Defendant's summary judgment motion includes a certificate of service certifying that "on February 27, 2026, a true and correct copy of the foregoing was served on all parties by the Court's ECF filing system."[7] Furthermore, Plaintiff's own motion concedes that Defendant's motion was on the docket on PACER and that Plaintiff received Defendant's motion via email on March 11, 2026.[8] Based on the foregoing, and the clear language of the federal rules that permit service via filing with the court's electronic system, the Court finds that Plaintiff was sufficiently served with Defendant's summary judgment motion. As such, the Court finds that Plaintiff's motion to strike should be denied. The Court will now consider Defendant's summary judgment motion.

*2. Defendant's Motion for Summary Judgment* (Document No. 55)

Defendant moves for summary judgment contending, in relevant part, that Defendant, Houston Methodist, "was not Plaintiff's employer and, therefore, cannot be liable under Plaintiff's cause of action[.]"[9] In response, Plaintiff contends that the

---

[7] *See Defendant's Motion for Summary Judgment*, Document No. 55 at 21.

[8] *Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service*, Document No. 62 at 2.

[9] *See Defendant's Motion for Summary Judgment*, Document No. 55 at 1.

evidence demonstrates a genuine dispute of material fact and that summary judgment should be denied.[10]

The determination of whether a defendant is an employer under Title VII or the ADEA requires a showing of an employment relationship. *See Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n.2 (5th Cir. 1993); *see generally Mares v. Marsh*, 777 F.2d 1066 (5th Cir. 1985) (holding that the extent of control exercised by an employer is the most important factor in determining if an employment relationship exists).

Here, Defendant asserts that "Houston Methodist is entitled to summary judgment on all of Plaintiff's causes of action because it was never Plaintiff's employer."[11] Despite Plaintiff's filing of a response, Plaintiff offers no rebuttal on this point.[12] The Court notes Plaintiff's previously filed Motion for Leave of Court to File First Amended Complaint (Document No. 36) and the Court's Order denying said motion.[13] The Court further notes the exhibit attached to Plaintiff's motion for

---

[10] *See Plaintiff's Response and Rebuttal to Defendant's Motion for Summary Judgment*, Document No. 61 at 12.

[11] *Defendant's Motion for Summary Judgment*, Document No. 55 at 7.

[12] *See generally Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service*, Document No. 62 (failing to rebut Defendant's contention that it was not Plaintiff's employer).

[13] *See Plaintiff's Motion for Leave of Court to File First Amended Complaint*, Document No. 36; *Order Denying Plaintiff's Motion for Leave*, Document No. 50 at 1.

6

leave entitled "revised motion - insertion[.]"[14] The aforementioned attachment states, in relevant part, that "Plaintiff seeks leave to file a First Amended Complaint solely to correct the name and designation of the Defendant so that the proper party is before the Court."[15] Despite this, Plaintiff did not include a proposed amended complaint and, following the Court's denial of Plaintiff's motion for leave, Methodist Hospital remains the named Defendant in this case. Considering Plaintiff's apparent agreement that Defendant is the incorrect party, and the Court's own independent review of the record in this matter, the Court finds that Defendant was not Plaintiff's employer.[16] Plaintiff offers no rebuttal to Defendant's contention.

As such, the Court finds that Plaintiff has failed to present sufficient summary judgment evidence that Defendant was her employer. Based on the foregoing, and the Fifth Circuit's clear guidance that both Title VII and the ADEA require a

---

[14] *See Plaintiff's Motion for Leave of Court to File First Amended Complaint*, Document No. 36, Exhibit 1 at 1.

[15] *See Plaintiff's Motion for Leave of Court to File First Amended Complaint*, Document No. 36, Exhibit 1 at 1. The Court notes that while Plaintiff contends in this exhibit that amendment is solely to correct Defendant's name, Plaintiff's motion for leave also "seeks leave of Court to amend her Complaint to clarify factual allegations, correct party designations, and more fully plead her claims[.]" *Plaintiff's Motion for Leave of Court to File First Amended Complaint*, Document No. 36 at 1. As such, Plaintiff's motion for leave was denied by this Court on February 12, 2026. *See Order Denying Plaintiff's Motion for Leave*, Document No. 50 at 1.

[16] *See Defendant's Motion for Summary Judgment*, Document No. 55 (Exhibit 3 at 1) (*Declaration of Felicia Wyche*) ("Houston Methodist Specialty Physicians d/b/a Houston Methodist Specialty Physician Group . . . employed Plaintiff Angela Romano[.]").

7

showing of an employment relationship, the Court finds that Plaintiff fails to raise a genuine issue of material fact as to either of her claims and does not survive Defendant's motion for summary judgment.[17] Therefore, the Court finds that Defendant's motion should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment for Insufficient Service (Document No. 62) is **DENIED**. The Court further

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 55) is **GRANTED**.

SIGNED at Houston, Texas, on this **26** day of March, 2026.

DAVID HITTNER
United States District Judge

---

[17] Considering the Court's finding that Plaintiff has not produced sufficient evidence to raise a genuine issue of material fact as to an employment relationship, the Court declines to consider Defendant's remaining arguments related to the merits of Plaintiff's claims.

8